IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-03041-RBJ

ALLAN PALLARITO and SATOKO PALLARITO,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER re APPRAISAL

Plaintiff moves to compel an appraisal and to stay proceedings pending the appraisal. ECF No. 32. The motion is opposed and has been fully briefed. The motion is granted.

BACKGROUND

On September 6, 2019 a hailstorm damaged the Pallaritos' home in Douglas County, Colorado. Plaintiffs submitted a claim under the property damage coverage in their homeowner's policy. When the parties could not agree on what damage was caused by the storm and the cost of repairing the damage, plaintiffs submitted a demand for an appraisal under the appraisal clause of the policy. Defendant has not agreed to proceed with an appraisal.

Plaintiffs cite numerous cases in which both state and federal courts in Colorado have held that appraisals under the typical appraisal clause in the standard form contract address both what damage was caused and the amount of the loss. I agree with those cases. One cannot be expected to assess the amount of the loss without knowing what damage was caused by the event.

1

Defendant argues that those cases were decided under different appraisal clauses, and that the specific appraisal language in this policy authorizes defendant, not the appraisers, to determine what damage was caused by the storm. I disagree. The appraisal clause in this policy states,

> *This applies after we confirm that the damage due to a loss is covered.* If you and we fail to agree on the dollar amount of the damage, either may demand that such amount be set by appraisal. In this event, each party will choose a competent and disinterested appraiser within 20 days after receiving a written request from the other. Each appraiser will separately set the dollar amount of the damage. Such amounts must be determined according to all terms of this policy including those in Section I - How We Settle Losses. If both appraisers submit written reports to us of their agreement of the amount, such amount will be the dollar amount of the damage. If they fail to agree within 20 days, they must choose a competent and disinterested umpire. If they cannot agree on the choice within 20 days, you and we must jointly request that the choice of umpire be made by a judge of a court of record in the state where the residence premises is located. The appraisers will then submit their differences to the umpire. Written agreement signed by any two of these three will set the dollar amount of the damage. The appraisal determination of damage or valuation is binding upon you and us. This appraisal process and authority granted to appraisers and the Umpire can only be expanded and modified by written mutual consent signed by you and us. We will pay our appraiser. You will pay your appraiser. Other expenses and the compensation of the umpire will be paid equally by you and us. Appraisal does not waive our rights.

ECF No. 32-1 at 19 (Policy, Section I-Conditions, ¶3) (emphasis added).

The Court construes terms of a contract, including an insurance contract, according to their plain meaning. If the language in an insurance clause is ambiguous, then the ambiguity is resolved in favor of the insured. Here, the appraisal clause states that it "applies after we confirm that the damage due to a loss is covered." This language does not unambiguously reserve to the insurer the question whether the damage was due to (caused by) the storm. Rather, it reserves to the insurer the determination whether the damage caused by the loss is covered by the policy. For example, the damage caused by the loss might be excluded by an exclusion in the policy. Thus, if the insurer determines that a loss was not covered because of a term in the

2

policy, then the amount assigned by the appraisers to that loss will not be payable. At a minimum, the highlighted language is ambiguous, and the ambiguity would be construed in favor of the insured.

The insureds can, of course, challenge the insurer's determination of what was covered by the policy. But the appraisers' duty is simply to determine what dollar amount of loss was caused by the storm. While worded differently than the standard appraisal clause, I conclude that its effect is the same.

## ORDER

Accordingly, the motion, ECF No. 32, is GRANTED. The parties will participate in an appraisal as provided in the appraisal clause. The appraisal will determine the damage caused by the storm and the dollar amount of the damage. The insurer has not waived any coverage argument or defense. The case will be stayed and administratively closed pending completion of the appraisal. The stay also moots ECF No. 36.

DATED this 26th day of April, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge